**JUST FOOD LAW**
Maia C. Kats (*pro hac vice*)
*maiakats@justfoodlaw.com*
5335 Wisconsin Avenue, NW, Ste. 440
Washington, DC 20015
Telephone: (202) 243-7910

**KUZYK LAW, LLP**
Michael D. Braun (SBN 167416)
*mdb@kuzykclassactions.com*
1999 Avenue of the Stars, Ste. 1100
Los Angeles, CA 90067
Telephone: (213) 401-4100
Facsimile: (213) 401-0311

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **ERIC LI and ANITA MEDAL on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**AMAZON.COM SERVICES LLC,**<br><br>**Defendant.** | **CASE NO.: 23-cv-441-JST**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Date:        July 20, 2023<br>Time:       2:00 p.m.<br>Courtroom: 6<br>Judge:      Hon. Jon S. Tigar<br><br>Case Filed:  January 31, 2023 |

**TABLE OF CONTENTS**

| | Page |
|---|---|
| I. INTRODUCTION AND STATEMENT OF FACTS | 1 |
| II. ARGUMENT | 3 |
|     A. Amazon's Venue Clause Is Invalid and Unenforceable—Irrespective of Its Flawed Retroactivity and Notice Contentions. | 3 |
|         1. The CLRA Voids Amazon's Tandem Choice of Venue and Choice of Law Provisions, As Do Judicial Decisions of the California Courts. | 3 |
|         2. Application of the Tandem Choice of Law Provision in Amazon's COU Would Impermissibly Lead to a Grievous Loss of Plaintiffs' Substantive Rights. | 5 |
|     B. Because Amazon Failed to Identify the Specific Notice of Waiver in Force at the Time of Their 2020-21 Purchases, Plaintiffs Are Deprived of the Ability to Fully Defend this Motion. | 11 |
| III. CONCLUSION | 13 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*AOL v. Superior Court of Alameda Cty (Mendoza)*,
  90 Cal. App. 4th 1 (2001) ................................................................................................*passim*

*Arora v. GNC Holdings, Inc.*,
  No. 19-cv-02414-LB, 2019 WL 6050750 (N.D. Cal. Nov. 15, 2019)…………………….…..6

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
  571 U.S. 49, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013)............................................................10

*Bayol v. Zipcar, Inc.*,
  No. 14-cv-02483-THE, 2014 WL 4793935 (N.D. Cal. Sept. 25, 2014) ................................10

*Bennett v. Homesite Ins. Co.,*
  No. C21-1422 MJP, 2022 WL 11212597 (W.D. Wash. Oct. 19, 2022)..................................6

*Bolger v. Amazon.com LLC,*
  53 Cal. App. 5th 431 (2020) ......................................................................................................2

*Bruton v. Gerber Prods. Co.*,
  703 Fed. App'x 468 (9th Cir. 2017)...........................................................................................7

*Carnival Cruise Lines, Inc. v. Shute*,
  499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991).......................................................10

*Doe v. AOL*,
  552 F.3d 1077 (9th Cir. 2009) ..........................................................................................*passim*

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*,
  105 Wash. 2d 778, 719 P.2d 531 (1986) ..................................................................................6

*LaCross v. Knight Transportation Inc.*,
  95 F. Supp. 3d 1199 (C.D. Cal. 2015) .....................................................................................10

*M/S Bremen v. Zapata Off-Shore Co*.
  407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513  (1972).............................................................4

*Marts v. U.S. Bank Nat. Association*,
  166 F.Supp.3d 1204, *affirmed,* 714 F. App'x. 775, 2018 WL 1249173 (W.D.
  Wash. 2016)..............................................................................................................................9

*Mazzola v. Roomster Corp.*,
  No. CV 10-5954 AHM (JCGx), 2010 WL 4916610 (C.D. Cal. Nov. 30, 2010) ..............10, 11

*Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth, Inc.*,
  473 U.S. 614, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985)..........................................................9

*Moretti v. Hertz Corporation*,
  2014 WL 1410432 (N.D. Cal. April 11, 2014)........................................................................10

*Nicosia v. Amazon Inc.*,
  834 F.3d 220 (2d Cir. 2016) ....................................................................................................12

## TABLE OF AUTHORITIES (cont'd.)

Page

*Nutracea v. Langley Park Investments*,
    No. 2:06-cv-2019-MCE, 2007 WL 135699 (E.D. Cal. Jan. 16, 2007) .................................. 8

*Ortega v. Nat. Balance, Inc.*,
    300 F.R.D. 422 (C.D. Cal. 2014), *order reinstated sub nom. Lambert v. Nutraceutical Corp.*, CV 13-05942-AB (EX), 2020 WL 12012559 (C.D. Cal. Jan. 8, 2020) ........................................................................................................................ 7

*Panag v. Farmers Ins. Co.*,
    166 Wn.2d 27, 204 P.3d 885 (2009) ................................................................................... 7

*Perry v. AT&T Mobility LLC*,
    No. C 11-01488 SI, 2011 WL 44080625 (N.D. Cal. Sept. 12, 2011) .................................. 9

*Shumacher v. Amazon.com LLC*,
    SACV 11–01906–CJC (JPRx), 2012 WL 13036856 (C.D. Cal. May 29, 2012) ................ 8

*Steroid Hormone Prod. Cases*,
    181 Cal. App. 4th 145 (Cal. Ct. App. 2010) ....................................................................... 7

*Walter v. Hughes Communications, Inc.*,
    682 F. Supp. 2d 1031 (N.D. Cal. 2010) .............................................................................. 9

*Weber v. Amazon.com, Inc.*,
    No. CV 17-8868-GW(Ex), 2018 WL 6016975 (C.D. Cal. June 4, 2018) ......................... 12

*Zhang Guimei et al. v. China Eastern Airline, General Elec., et al.*,
    172 Cal. App. 4th 689 (Cal. Ct. App. 2009) ..................................................................... 10

**Statutes**

21 C.F.R.
    § 101.93 ............................................................................................................................... 7
    § 343(r)(6) ........................................................................................................................... 7

28 U.S.C.
    § 1444(a) ........................................................................................................................... 10

6A Wash. Prac., Wash. Pattern Jury Instr. Civ.
    WPI 310.02 ......................................................................................................................... 8

Cal. Civ. Code
    § 1751 ......................................................................................................................... passim
    § 1760 ........................................................................................................................ 1, 3, 8
    § 1770 .................................................................................................................................. 3
    § 1780 ........................................................................................................................ 2, 3, 9
    § 1780(a) .............................................................................................................................. 3
    § 1780(d) .............................................................................................................................. 3

California Business and Professions Code
    ¶ 17200 (the "Unfair Competition Law [UCL]") ......................................................... 2, 4, 6

Revised Code of Washington
    19.86.920 ............................................................................................................................. 8

Plaintiffs Anita Medal and Eric Li (together, "Plaintiffs") respectfully submit this Opposition to the Motion to Transfer Venue ("Venue Motion" or "Motion") filed by Defendant Amazon Services LLC ("Defendant" or "Amazon") on April 10, 2023. Dkt. 17.

**I.     INTRODUCTION AND STATEMENT OF FACTS**

The underlying Complaint in this action is all about California:  It entails California Plaintiffs; California consumers (including thousands if not millions of putative class members); their consumer activities in California; and consumer rights and remedies under California law. No non-California consumers are involved, nor are purchases external to California implicated. These and other relevant facts are set forth in detail in Plaintiffs' Opposition to Defendant's Motion to Dismiss Complaint ("Opposition"), filed concurrently and which for efficiency purposes is fully incorporated here by reference. As well, Amazon has more distribution centers in California than any other state—because of the size of California's consumer pool.[1]

With respect to California-based commercial activity, California's legislature is clear about its strong policy interest in protecting consumers. Indeed, California's interest is so strong that its Legislature codified the right of its residents to bring claims under California's consumer protection laws, to venue such claims in California, and further codified that ***any waiver of such rights is void.*** For example, section 1760 of the Consumer Legal Remedies Act ("CLRA") provides:

> This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

Cal. Civ. Code § 1760. And more specifically, section 1780 provides:

> (d) An action . . . may be commenced in the county in which the person against whom it is brought . . . is doing business; or in the county where the transaction or any substantial portion thereof occurred.

Cal. Civ. Code § 1780. And finally, section 1751, the anti-waiver provision, provides:

---

[1] *See* T. Johnson, *Amazon Fulfillment Center Locations: The Ultimate List,* Tinuiti, August 23, 2022, Declaration of Maia C. Kats in Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss Complaint (Kats Decl."), Ex. I.

> Any waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void.

Cal. Civ. Code § 1751. Judicial articulations of California's strong policy interest in protecting consumers by way of expansive rights and remedies are equally clear.

Yet despite California's clear interests, clear statutory language codifying these interests and voiding waivers, and clear California and Ninth Circuit authority upholding the interests and enforcing the anti-waiver provision—***a provision that Amazon never once references in its Motion***—Amazon seeks to transfer Plaintiffs' claims to a foreign forum. No less on the basis of Conditions of Use ("COU") that it seeks to apply *retroactively* to Plaintiffs' purchases in order to void their statutorily enshrined substantive rights. It also seeks to transfer the litigation to a state that lacks equivalent consumer protection laws, including "unlawful prong" claims under California's Unfair Competition Law ¶ 17200, *et seq*. (the "UCL") that feature most prominently in the underlying litigation. Almost assuredly, given the tandem choice of law clause in the COU which specifies that Washington state law applies, Plaintiffs' key claims—based on rights and remedies granted them under California law—would be eviscerated.

For these reasons, Amazon's Motion to Change Venue is a confounding overreach, seemingly made even more so by the fact that in numerous other California consumer actions against Amazon, there was no change of venue. But those other cases are also revealing: Amazon is successively losing litigations brought by California consumers in California courts because its actions are running afoul of California laws, leading California courts to hold it accountable.[2] Indeed, at bottom, Amazon's Motion is best seen as an effort to try its hand in another forum, hoping the results differ; however this is not a valid basis to override strong policy interests codified by the California Legislature, and recognized by the judiciary. Instead, Amazon's Motion should be swiftly denied so that this Court may proceed to adjudicate the important matters of California consumer law pending before it on behalf of California's consumers conducting their business in California.

---

[2] *See, e.g.*, *Bolger v. Amazon.com LLC,* 53 Cal. App. 5th 431, 445 (2020); Opposition at 19-20.

## II. ARGUMENT

### A. Amazon's Venue Clause Is Invalid and Unenforceable—Irrespective of Its Flawed Retroactivity and Notice Contentions.

#### 1. The CLRA Voids Amazon's Tandem Choice of Venue and Choice of Law Provisions, As Do Judicial Decisions of the California Courts.

Amazon spills pages upon pages of ink over its conditions of use. According to Amazon, these conditions ostensibly require Plaintiffs to venue this litigation in King County, Washington, and to apply Washington law.[3] But Amazon never once addresses, let alone mentions, that its COU runs afoul of well-established California judicial decisions and Legislative policy interests to the contrary, including as expressly codified in the anti-waiver provision of the CLRA. Indeed, this provision and/or judicial authorities acknowledging California's strong interest in protecting its consumers render Amazon's choice clauses void and unenforceable, and its motion inexorably flawed.

More specifically with respect to the CLRA, section 1770 of the statute declares as unlawful a variety of deceptive and illegal commercial practices, many of which form the core of Plaintiffs' Complaint. *See, e.g.,* ¶¶ 158-164 and *passim* (alleging the many ways in which Amazon represents that the challenged products have qualities, characteristics, benefits, uses, and approvals that they do not have).[4] Section 1780 thereafter provides that any consumer who suffers any damage as a result of an enumerated practice may bring an action alleging violations of the statute "in the county in which the person against whom it is brought . . . is doing business, or where the transaction or any substantial portion thereof occurred." *Id.*, § 1780(a), (d). This is precisely what Plaintiffs did: Plaintiff Li made and received his purchases of defective products in San Francisco, and this is the district where he filed suit. *E.g.*, ¶ 11. Mr. Li also filed where Amazon "is doing business."[5] Section 1751, the so-called

---

[3] Memorandum of Points and Authorities in Support of Defendant Amazon.com Services LLC's Motion to Transfer Venue at p. 4, (hereinafter "Mem."), Dkt. No. 18; Declaration of Stephanie Habben in Support of Amazon.com Services LLC's Motion to Transfer Venue, Exhibits C and D (hereafter "Habben Decl."), Dkt. No. 17-2.

[4] Class Action Complaint ("Complaint"), Dkt. No. 1. All "¶" references are to the Complaint unless otherwise noted.

[5] *See* Declaration of Plaintiff Eric Li Pursuant to California Civil Code § 1780(d) ("Li Decl.") filed concurrently herewith; Kats Decl. Ex. I.

1  anti-waiver provision, further enshrines these consumer rights, and insulates them from any contrary
2  private agreement by providing that "[a]ny waiver by a consumer of the provisions of this title is
3  ***contrary to public policy and shall be unenforceable and void***." *Id.*, § 1751 (emphasis supplied).

4  The clarity of the strong consumer policy interests and of the CLRA's statutory non-waiver
5  provision is not new to California's state courts, nor to this Circuit. Indeed, the Ninth Circuit addressed
6  precisely this scenario—the effect of section 1751 of the CLRA—in *Doe v. AOL*, 552 F.3d 1077 (9th
7  Cir. 2009). In *AOL*, after plaintiffs filed their class action complaint alleging claims under the CLRA,
8  UCL, and common law claims, AOL raised as a threshold matter the parties' forum selection clause,
9  which AOL asserted granted Virginia courts exclusive jurisdiction over any disputes and further
10 specified adjudication under Virginia law. *Id.*, at 1081. Under the Supreme Court's decision in *M/S
11 Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), the Ninth Circuit noted that forum selection
12 clauses are presumptively valid, and that they would be deemed unenforceable only "if enforcement
13 would contravene a strong public policy of the forum in which suit is brought, whether declared by
14 statute or by judicial decision." *AOL*, 552 F.3d at 1083 (quoting *Bremen*, 407 U.S. at 15). Further if a
15 strong public policy is established, ***the burden of proof shifts*** from the persons challenging the venue
16 clause to those seeking to enforce it. *AOL v. Superior Court of Alameda Cty (Mendoza)*, 90 Cal. App.
17 4th 1, 10-11 (2001) ("Where the effect of transfer . . . has the potential of stripping California
18 consumers of their legal rights deemed by the Legislature to be nonwaivable, the burden must be
19 placed on the party asserting the contractual forum selection clause to prove that the CLRA's anti-
20 waiver provisions are not violated.").

21 Upon applying the *Bremen* test, the Ninth Circuit found AOL's forum selection clause
22 unenforceable for two reasons. First, because "California has declared by judicial decision the [] forum
23 selection clause at issue here contravenes a strong public policy of California." *AOL*, 552 F.3d at 1083
24 (citing *Mendoza*). And second, because it violated the CLRA's anti-waiver provision—the same
25 section 1751 at issue in the instant case. *Id. See also Mendoza,* 90 Cal. App. 4th at 15 ("for this reason
26 [statutory non-waiver provision] alone, we affirm"). As such, the Ninth Circuit reversed and remanded
27 the federal district court's dismissal for improper venue as to all of the consumer claims, holding that
28 "***the agreement is unenforceable as to California resident plaintiffs bringing class action claims***

*under California consumer law.*" *Id.* (emphasis supplied). The federal and state *AOL* decisions are on all fours with this case, warranting swift rejection of Amazon's venue motion on the basis of judicially and statutorily expressed strong California policy interests and the CLRA's express non-waiver provision. Indeed, inasmuch as Amazon has not even argued (let alone established) that Amazon has met *its* burden on its Motion, *see* Motion to Transfer Venue at *passim*, under *AOL* and *Mendoza*, the Court should deny the Motion outright without further consideration.

Given the foregoing, Amazon's contention that "enforcing the exclusive venue clause would not contravene a strong public policy of California. California does not have a local interest in this controversy because Amazon.com Services LLC is organized in Delaware and has its principal place of business in Washington," is, with all due respect, disingenuous. *See* Mem. at 11.

### 2. Application of the Tandem Choice of Law Provision in Amazon's COU Would Impermissibly Lead to a Grievous Loss of Plaintiffs' Substantive Rights.

In addition to the above, Amazon's motion—a true Trojan Horse—must fail for another reason. Amazon's COU also contains an unmentioned (by Amazon) choice of law provision requiring the application of Washington law. Because Washington law lacks important consumer protections available under California law, which are critical to this litigation, winning the venue motion would prejudicially curb Plaintiffs' substantive rights and remedies and grant a major victory to Amazon.

In addition to venue dictates, the COU provides that:

> By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon.[6]

Insofar as this Court were to transfer the litigation to Washington by upholding the COU, a Washington court would almost certainly follow its lead and also enforce the COU by applying Washington law.

Application of Washington law to Plaintiffs' claims, however, would lead to a profound depreciation of rights and remedies afforded Plaintiffs under California laws. More precisely,

---

[6] Habben Decl. Ex. D.

***Plaintiffs would lose their unlawful prong claims under the UCL***, which form the crux of Plaintiffs' Complaint: that Amazon is liable because it unlawfully placed illegal (unapproved) drugs in interstate commerce, along with advertising, selling, and delivering them to Plaintiffs. *E.g.*, ¶¶ 2, 136-47; Opposition at 1, 15. This is because, unlike the UCL which forbids "unlawful, unfair or fraudulent" conduct in connection with virtually any type of business activity, Cal. Bus. & Prof. Code § 17200 (to prevail on the unlawful prong a plaintiff need only show that a challenged advertisement or practice *violates any federal or California statute or regulation*), Washington's Consumer Protection Act (CPA) provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." RCW 19.86.020. Critically, it does not allow a plaintiff to base a claim upon a predicate offense of another law. *Compare, e.g., Hard2Find Accessories Inc. v. Amazon.com LLC*, 691 Fed. Appx. 406 (9th Cir. 2017) ("H2F did not adequately allege that Amazon violated [Washington's] CPA because its UMSA claim cannot serve as the predicate offense for its CPA claim. Section 330 of the UMSA does not expressly declare that violating the provision is a violation of the CPA, and H2F does not otherwise allege that the Agreement's terms were deceptive or unfair."), *with Arora v. GNC Holdings, Inc.*, No. 19-cv-02414-LB, 2019 WL 6050750, at *passim* (N.D. Cal. Nov. 15, 2019) (unlawful prong claim predicated on violations of Sherman Law, which in turn adopted federal statutory provisions and regulations mandating specified disclaimers and banning the sale of illegal drugs), *as cited in* Opposition at *passim*.

And to be clear, while Washington has an "imprecise" *per se* consumer law doctrine, as its Supreme Court has made clear, that cause of action is not akin to an unlawful prong claim under the UCL for several reasons. For one, it is not a standalone claim, unlike UCL unlawful prong claims, but rather it is a subset of the WCPA deception claim with all the traditional deception elements to be met, and second, because there is a reasonable business justification defense under Washington law that does not exist under the UCL. *E.g.*, *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*, 105 Wash. 2d 778, 792, 719 P.2d 531, 538 (1986) (clarifying that the *per se* doctrine is relevant only to establishing a Washington state policy interest, and does not establish the other four elements of a WCPA deception or unfairness claim); *Bennett v. Homesite Ins. Co.,* No. C21-1422 MJP, 2022 WL 11212597, at •5 (W.D. Wash. Oct. 19, 2022) ("A violation of the insurance regulations. . . can

constitute a *per se* unfair act that satisfies the first two elements. [] **But the insurer could avoid liability if it had a reasonable justification** for the denial or delay) (internal citations omitted; emphasis supplied).

A third significant substantive difference in law is that under California law, Plaintiffs' disclaimer-based unlawful prong claim has no reasonable consumer requirement because the predicate violations of 21 U.S.C. § 343(r)(6) and 21 C.F.R. § 101.93, provisions incorporated into the Sherman Law (see Opposition at 14-15), lack it. *Bruton v. Gerber Prods. Co.*, 703 Fed. App'x 468, 471-72 (9th Cir. 2017) ("[t]he best reading of California precedent is that the reasonable consumer test is a requirement under the UCL's unlawful prong only when it is an element of the predicate violation"; finding no such requirement under subject provisions of the Federal Food, Drug, and Cosmetic Act or Sherman Law). This difference in law has enormous consequences for Plaintiffs when proving their claims—at every point in the litigation, from defending a motion to dismiss, to obtaining expert consultation and testimony, defending a motion for summary judgment, moving for class certification, all the way through trial. *See, e.g.*, Opposition at 14-15. *Compare with Panag v. Farmers Ins. Co.*, 166 Wn.2d 27, 50, 204 P.3d 885 (2009) (a practice is actionable under the CPA only where it is likely to mislead a "reasonable" or "ordinary" consumer).

Fourth, were this action transferred, not only would Plaintiffs lose their ability to bring their key unlawful prong claims, they would lose a key remedy under it too because per California law it is clearly established that illegal products—which cannot enter or be sold in interstate commerce—*per se* **lack value**. This is **not** the case under Washington law which, as indicated above, lacks a parallel claim. *See, e.g.*, *Steroid Hormone Prod. Cases*, 181 Cal. App. 4th 145, 157 (Cal. Ct. App. 2010) (approving full refund damages model because product was advertised as legal but contained illegal ingredients); *Ortega v. Nat. Balance, Inc.*, 300 F.R.D. 422, 430 (C.D. Cal. 2014), *order reinstated sub nom. Lambert v. Nutraceutical Corp.*, CV 13-05942-AB (EX), 2020 WL 12012559 (C.D. Cal. Jan. 8, 2020) (approving full refund model where Plaintiffs alleged that aphrodisiac was illegal and thus valueless), as cited in *In re JUUL Labs, Inc., Mktg. Sales Pracs. & Prods. Liab. Litig.*, 609 F. Supp. 3d 942, 976 (N.D. Cal. 2022).

Finally, as a general matter, consumer protections in Washington are not as liberally construed and proactive as they are in California—the reasonable business justification defense is but one example. The cause for this is clear from comparing the statutory language and mandates of the respective consumer protection acts themselves. For example, the CLRA provides that "[t]his title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code § 1760. But in comparison, consumer protections are more tempered in Washington, where the CPA is expressly not intended to prohibit acts or practices that courts deem "reasonable in relation to the development and preservation of business." RCW 19.86.920. *See* WPI 310.02 (Reasonableness Defense to Consumer Protection Act Claim) and its Comment. Particularly for Amazon, which is headquartered in King County Washington, that alone is a difference with significance—made all the more pronounced given the many recent findings against Amazon for statutory and common law consumer rights violations of California law by the courts of California. *E.g.,* Opposition at 19-20.

Put simply, enforcing the COU here "would contravene a strong public policy of [California]" "because it would significantly impair substantial legal rights." *AOL*, 552 F.3d at 1083 (citing *Mendoza*, 90 Cal. App. 4th at 108). *See also, e.g., Nutracea v. Langley Park Investments*, No. 2:06-cv-2019-MCE, 2007 WL 135699, at *2 (E.D. Cal. Jan. 16, 2007) ("Under California law, forum selection clauses will not be enforced if doing so significantly impairs the substantial legal rights of California consumers"; also noting limited relationship of claims to designated forum state) (citing *AOL*, 90 Cal. App. 4th at 12). *Cf.  Shumacher v. Amazon.com LLC*, SACV 11–01906–CJC (JPRx), 2012 WL 13036856, at *2, *5 (C.D. Cal. May 29, 2012) (noting applicability of forum clause "so long as California consumers will not find their substantial legal rights significantly impaired by their enforcement"; enforcing clause where "California public policy is aimed towards protecting California's consumers, not imposing California law on the rest of the nation. Yet this is precisely what Mr. Schumacher seeks to accomplish through his nationwide class action").

The California Court of Appeal's decision in *Mendoza v. AOL* is precisely on point here. Citing California's strong policy interest in providing residents with the broadest of consumer rights, as

evinced in the breadth of its varied consumer protection statutes, including section 1760 of the CLRA, the California court rejected application of AOL's forum and choice of law selection clause. It did so upon two independent bases: first, on account of the anti-waiver provision; and second, by comparing the rights and remedies under Virginia law with those under California law and finding that the clause "diminished the rights of California consumers [because] remedies available in Virginia were not 'comparable' to those in California." *Id.,* 90 Cal. App. 4th at 108. Rights and remedies in the instant case are not comparable either. To the contrary, Plaintiffs could not even bring their key claims under Washington law. *See also Walter v. Hughes Communications, Inc.*, 682 F. Supp. 2d 1031 (N.D. Cal. 2010) (where Maryland Consumer Protection Act would have limited consumers to compensatory damages, but CLRA authorized punitive damages to punish and deter, selection clause conflicted with fundamental policy set down in California law).[7]

Importantly with respect to whether this Court may consider the Washington choice of law clause, the matter is well-settled in Plaintiffs' favor. "Where a state prohibits the prospective waiver of the remedies provided for in the statute that a plaintiff is trying to enforce, a court may consider whether choice-of-forum and choice-of-law clauses 'operate[] in tandem as a prospective waiver of a party's right to pursue statutory remedies' when deciding whether a forum selection clause is unenforceable as a against the strong public policy of that state." *Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 n.19, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985). *Accord Mendoza*, 90 Cal. App. 4th at 13-14 (incumbent on court to examine "both the choice of law clause as well as the forum selection clause, noting that the enforceability of these clauses were 'inextricably bound up' in one another") (internal citations omitted); *AOL*, 552 F.3d at 1084 (same); *Perry v. AT&T Mobility LLC*, No. C 11-01488 SI, 2011 WL 44080625, *4-*6 (N.D. Cal. Sept. 12, 2011) (finding venue clause unenforceable, noting that although "Defendants argue that the Court may not consider the choice of law clause, [] they do not discuss the Supreme Court and Ninth Circuit law that clearly permits the Court to do so.").

---

[7] The CLRA also provides senior citizens, including Plaintiff Medal, statutory damages of up to $5,000, whereas Washington's CPA does not. *Compare* § 1780 *with* RCW § 19.86.090 (no provision for seniors).

In the instant case, the choice of venue and choice of law provisions operate in tandem, and/or are inextricably bound up with one another. Indeed, an outcome adverse to Plaintiffs' substantive rights and remedies from a venue change to Washington is made all the more likely here where the conditions of choice would require application of Washington law "*without regard to principles of conflict of laws*." Habben Decl. Ex. D. This clause double underscores the harm to be visited upon Plaintiffs were the Motion granted. *Cf., Bayol v. Zipcar, Inc*., No. 14-cv-02483-THE, 2014 WL 4793935, at *4 (N.D. Cal. Sept. 25, 2014) ("Plaintiffs should not be subject to this Court's paternalistic determination that they would be fine under the protections of another state; rather, they are entitled to the specific protections provided by the legislature and courts of California").

Finally, none of the authorities relied on by Defendant Amazon alter this result—indeed only one of them even addresses section 1751 or related statements of interest. For example, in *Moretti v. Hertz Corporation*, see Mem. at 9, 11, the plaintiffs did not even "allege that any of the false advertising activities took place in California." *Id*., 2014 WL 1410432, at *5 (N.D. Cal. April 11, 2014). Instead, the car rental and use took place in Mexico. This is a critical distinction from the case at hand where all or virtually all of the subject activities took place in California. Equally, if not more important, section 1751's anti-waiver provision was never in play in *Moretti*—whereas it clearly is here. Amazon's reliance on *Moretti* is thus sorely misplaced. *Accord Zhang Guimei et al. v. China Eastern Airline, General Elec., et al*., 172 Cal.App.4th 689 (Court of Appeal 2009) (similarly distinguishable, suit against Chinese airline concerning flight and crash in China); *LaCross v. Knight Transportation Inc*., 95 F. Supp. 3d 1199 (C.D. Cal. 2015) (same; transferring wage and hour claim against nationwide trucking entity concerning activities (driving) nationwide); *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex*., 571 U.S. 49, 67 (2013) (transferring to Virginia under 28 U.S.C. § 1444(a) in context of inadequate policy contention—that federal judges in Texas were better suited to adjudicate Texas laws); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 596, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991) (admiralty case entailing slip and fall in international waters; challenge to applicability of clause on basis of unequal bargaining power denied).

The sole authority cited by Amazon that even considers an issue pertinent to this dispute is *Mazzola v. Roomster Corp*., No. CV 10-5954 AHM (JCGx), 2010 WL 4916610 (C.D. Cal. Nov. 30,

2010). But *Mazzola* is plainly distinguishable on its face from the instant matter. In *Mazzola,* as the court made clear, "Plaintiff has made no showing that New York law—assuming it did apply to her action—does not provide the same or equivalent remedies as are available under California law." "Here, [] enforcing the forum selection clause itself does not amount to a deprivation of Plaintiff's rights under California law, *unlike* in Mendoza and AOL." *Id*., at *4 (emphasis supplied). As set forth above, and as in *AOL* and *Mendoza*, Plaintiffs have made an ample showing about substantive losses—it is Defendant that has failed to address let alone meet its burden of showing that Plaintiffs' significant substantive rights and remedies would not be harmed. Importantly also, the court in *Mazzola* too narrowly construed *Mendoza*—which expressly held that section 1751 independently provides a sufficient basis for denying a motion to change venue. *Mendoza,* 90 Cal. App. 4th at 15 (anti-waiver provision alone is sufficient basis to deny venue motion).

In all the foregoing ways, the COU, including its venue clause, alone and in conjunction with the Washington choice of law clause, is inimical to California's strong policy interest—expressed statutorily as well as in judicial decisions—in providing California consumers with robust substantive legal protections against unlawful, deceptive, and unfair commercial practices. The reality of this Motion is that Amazon seeks to compel Plaintiffs to forfeit their substantive legal rights and remedies in direct contravention of these strong interests—all the while capitalizing extravagantly on its deception and illegal drug trade to the detriment of California's consumers. Amazon clearly has not met its heavy burden here.

> **B.** **Because Amazon Failed to Identify the Specific Notice of Waiver in Force at the Time of Their 2020-21 Purchases, Plaintiffs Are Deprived of the Ability to Fully Defend this Motion.**

Finally, regardless even of the anti-waiver provision, strong policy interests, and injury to Plaintiffs' substantive rights and remedies—which clearly control here—Amazon also fails to meet its burden at the most superficial level too because it failed to specify what "notice" of the COUs was provided to Plaintiffs at the time of each purchase. So too, Amazon fails to cite a single authority wherein a replacement choice of law or venue provision was successfully applied to California CLRA claims retroactively—and Plaintiffs could not find a single one. Mem. at 1, 7, 9. Such deficient proffer

1  clearly fails to satisfy Amazon's burden of proof; nor should these essential elements be supplied and
2  briefed for the first time on Reply.

3  　　　In Amazon's own amorphous words, the "venue clause also covers Plaintiffs' claims as to
4  purchases they made *before* agreeing to the latest version of Amazon's conditions of use." *Id*.
5  (emphasis added). But even when confronted with powerful federal interests mandating liberal
6  application of arbitration clauses under the Federal Arbitration Act, courts have required far more
7  specificity from Amazon than this—because actual notice of its COU is essential to any consent to
8  waiver of rights. *E.g.*, *Weber v. Amazon.com, Inc.*, No. CV 17-8868-GW(Ex), 2018 WL 6016975, at
9  *10 (C.D. Cal. June 4, 2018) ("The Court would request Amazon to provide evidence of whether
10  Weber would have seen one of the two 2017 and 2018 Desktop Flows if he made a purchase on his
11  computer on all or most of the dates when COUs with arbitration provisions existed"). And to be clear,
12  this matters greatly, because contrary to the thrust of Amazon's motion, courts, including the Second
13  Circuit, have indeed rejected its notice of COUs as inadequate in the past, including with respect to
14  arbitration. *See, e.g.*, *Nicosia v. Amazon Inc.*, 834 F.3d 220, 236 (2d Cir. 2016) ("we are not convinced
15  that the notice was sufficient"). Plaintiffs cannot even evaluate, let alone defend against, application
16  of such a clause without knowing what its notice contents and/or format were.

17  　　　To be sure, there is *nothing* in Amazon's memorandum or the accompanying Declaration of
18  Ms. Habben specifying *what* notice Plaintiffs factually received when making their respective
19  purchases before 2021 (or some unknown point in 2020)—there are only conclusory statements as to
20  what Plaintiffs must have seen. This does not suffice, let alone when Amazon has the burden of
21  overcoming powerful state policy interests. Moreover, with respect to purchases post-dating 2020—
22  while Amazon contends that "a user cannot sign into their Amazon account without affirmatively
23  clicking the 'Continue' button" upon receiving and acknowledging notice of the COU, Habben Decl.
24  ¶ 13, this is *wrong*. If a user has logged in before and is recognized by his/her internet browser, simply
25  inputting Amazon into the search bar or selecting it as a saved url will take the user directly to
26  Amazon's home page, allowing them to access the site without first receiving any such notice or
27
28

having to click a continue button;[8] Li Decl. ¶ 3. Also flatly wrong, for the same reason, is the Declaration statement that "[a] user who does not wish to accept Amazon's Conditions of Use, or the exclusive venue clause therein, can opt to not log into their account. If the user does not accept the COU, they simply cannot use Amazon's platform. " *Id*. Basing a motion that can hinge on the adequacy of notice on a flagrantly erroneous declaration—pre-discovery—must fail. Not only does Amazon fail to establish key facts when it has the burden to do so, but given the lack of information in their possession, Plaintiffs are hindered from defending on the basis of inadequate notice, possibly to their extreme prejudice.

## III. CONCLUSION

For all the varied foregoing reasons, independently and collectively, Amazon's motion to change venue should be denied.

DATED: May 10, 2023

Respectfully submitted,

 /s/ *Maia C. Kats*
Maia C. Kats (*pro hac vice*)

**JUST FOOD LAW**
5335 Wisconsin Avenue, NW, Ste. 440
Washington, DC 20015
Telephone: (202) 243-7910
maiakats@justfoodlaw.com

Michael D. Braun
**KUZYK LAW, LLP**
1999 Avenue of the Stars, Ste. 1100
Los Angeles, California 90067
Telephone: (213) 401-4100
mdb@kuzykclassactions.com

*Counsel for Plaintiffs and the Proposed Class*

---

[8] Kimkomando, *One big mistake you're making with your Amazon account*, January 1, 2023 ("Amazon uses cookies to keep you logged in to the site even after you've closed the browser or turned off the computer or gadget." "[I]f you sign in to your Amazon account on a browser or app, unless you're in private or incognito mode, you'll remain signed in unless you explicitly sign out"), Kats Decl. Ex. J.